# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Case Number: 4:18-CR-206 |
| v. | § | Judge Mazzant |
| | § | |
| ANDREW ANTHONY GRIFFITHS | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion for Expedited Relief and Reduction in Sentence (Dkt. #85). The Court, having considered the motion, the response, the record, and the applicable law, finds that the motion must be **DISMISSED for lack of jurisdiction**.

## I. BACKGROUND

On February 13, 2019, Defendant Andrew Anthony Griffiths ("Griffiths") pleaded guilty to Conspiracy to Possess with Intent to Distribute 100 Kilograms or More of Marijuana in violation of 21 U.S.C. § 846 (Dkt. #38). The Court sentenced Griffiths to 72 months' imprisonment (Dkt. #50). Griffiths is serving his sentence at the Giles Dalby Correctional Institution, a private facility contracted by the Bureau of Prisons. *See* https://www.bop.gov/inmateloc/ (Register Number: 28150-078). The BOP projects he will be released on November 21, 2023. *Id.*

Griffiths seeks compassionate release based on his risk of contracting COVID-19, arguing his diabetes and hypertension present "extraordinary and compelling reasons" to grant a sentence reduction (Dkt. #85 at p. 2). The Government did not respond to the Motion.

## II. DISCUSSION

A judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C.

§ 3582(b)); *see also* 18 U.S.C. § 3582(c).  One such circumstance, invoked by Griffiths, arises from 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes a district court to reduce a term of imprisonment when "extraordinary and compelling reasons" for a reduction exist that are "consistent with applicable policy statements issued by the Sentencing Commission," and other procedural and substantive requirements are met. 18 U.S.C. § 3582(c)(1)(A).

Although Griffiths has met § 3582(c)(1)(A)'s exhaustion requirement, he has not met the statute's requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of his sentence. The Motion, therefore, must be dismissed for lack of jurisdiction.

## A. Griffiths Has Met § 3582(c)(1)(A)'s Exhaustion Requirement.

Griffiths's compassionate-release motion may only be considered if he first meets § 3582(c)(1)(A)'s exhaustion requirement.  The statute provides that a court may not consider any modification to a defendant's sentence under § 3582(c)(1)(A)(i) unless a motion for such a modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A).  The Director of the BOP may request a sentence reduction in court at any time. *Id.*  A defendant may also make such a request, but only after fully exhausting remedies within the BOP or after 30 days have passed since he or she sought administrative remedies. *Id.* [1]

On August 24, 2020, the Warden denied Griffiths's request for compassionate release, citing his detainer with Immigrations and Customs Enforcement as grounds for denial (Dkt. #85,

---

[1] In 2018, Congress passed the First Step Act, Pub. L. 115-391, 132 Stat. 5194, which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant, in addition to the Director of the BOP, to move for a sentence reduction.

Exhibit D).   On September 18, 2020, Griffiths appealed this decision (Dkt. #85, Exhibit E). Griffiths has, therefore, met § 3582(c)(1)(A)'s exhaustion requirement.

**B. Griffiths Has Not Met § 3582(c)(1)(A)'s Requirements for Sentence Modification.**

> **1. Griffiths must meet § 3582(c)(1)(A)'s requirement that "extraordinary and compelling reasons" exist "consistent with applicable policy statements issued by the Sentencing Commission," warranting a reduction of his sentence.**

Under § 3582(c)(1)(A)(i), a district court may grant a sentence reduction if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Congress did not define what constitutes "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A), but rather delegated that authority to the Sentencing Commission.   In 28 U.S.C. § 994(a)(2), Congress granted the Commission broad authority to promulgate "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in [18 U.S.C. § 3553(a)(2)]."   And, as particularly relevant here, in 28 U.S.C. § 994(t), "Congress instructed the Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction [under § 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples.'" *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (quoting 28 U.S.C. § 994(t)).

The Commission's policy statements, issued under 28 U.S.C. § 994(t), are binding concerning what should be considered extraordinary and compelling reasons for sentence reduction under 18 U.S.C. § 3582(c)(1)(A).   As the Fifth Circuit has explained, "a common sense

reading" of § 3582(c)(1)(A)'s phrase that a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," is that, "regardless of whether Congress wanted [the Commission's] policy statements to be binding in the sentencing context, it wished them to be binding in § 3582(c) proceedings." *Id.* "If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding." *Id.*; *see also Dillon*, 560 U.S. at 827 (explaining that the Commission's pertinent policy statements are binding on courts where 18 U.S.C. § 3582(c)(2)—using the same language as § 3582(c)(1)(A)—permits a sentencing reduction based on a retroactive guidelines amendment only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Thus, Griffiths cannot obtain a sentence reduction under § 3582(c)(1)(A) merely by asserting reasons that he, or this Court, might believe are sufficiently "extraordinary and compelling" to justify a sentence reduction. Instead, under the plain text of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(t), as well as controlling precedent, Griffiths's proffered reasons must be consistent with the Sentencing Commission's applicable policy statement concerning what should be considered extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A).

**2. Griffiths fails to satisfy § 3582(c)(1)(A) because his alleged "extraordinary and compelling reasons" for sentence reduction are not "consistent with applicable policy statements issued by the Sentencing Commission."**

Griffiths's compassionate-release motion turns on his assertion that the risks to his health associated with COVID-19, coupled with his diabetes and hypertension, constitute extraordinary and compelling reasons to reduce his sentence. Griffiths's assertion fails because it is untethered to the Sentencing Commission's binding applicable policy statement in section 1B1.13 of the

-4-

Sentencing Guidelines.  Section 1B1.13 describes what will be considered "extraordinary and compelling reasons" for sentence reduction under § 3582(c)(1)(A)(i) and provides no basis for a reduction based on COVID-19.

Section 1B1.13 allows a sentence reduction for "extraordinary and compelling reasons" only if the reasons are "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3).[2] Application note 1 to the policy statement explains that "extraordinary and compelling reasons exist under any of the circumstances set forth below," which include only: (a) a defendant suffering from a terminal illness or other medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) a defendant at least 65 years old who "is experiencing a serious deterioration in physical or mental health because of the aging process" and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (c) a defendant who has minor children without a caregiver or with an incapacitated spouse or partner who needs the defendant to be the caregiver; or (d) "[a]s determined by the Director of the Bureau of Prisons, . . . an extraordinary and compelling reason other than, or in combination with, the [above] reasons." *Id*., comment. (n.1(A)–(D)).

Consistent with the application note, the BOP has issued Program Statement 5050.50 ("PS 5050.50"), which describes the BOP's consideration of compassionate-release requests.  PS 5050.50, which was amended effective January 17, 2019, following the passage of the First Step Act, sets forth in detail the BOP's definition of circumstances that may support a request for

---

[2] The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Dillon*, 560 U.S. at 824–28 (rejecting the proposed application of *Booker* in the related context of a proceeding under § 3582(c)(2)); *United States v. Doublin*, 572 F.3d 235, 237–39 (5th Cir. 2009) (rejecting application of *Booker* to sentence reductions under 18 U.S.C. § 3582).

compassionate release, limited to the same bases identified by the Commission: serious medical conditions, advanced age, and family circumstances.[3] *See* PS 5050.50 ¶¶ 3–6.

Neither the Commission's policy statement nor PS 5050.50 provide a basis for compassionate release based on Griffiths's COVID-19 concerns.  Instead, the grounds for release are limited to individual circumstances involving health, age, family responsibilities, and other reasons as determined by the Director of the BOP.  For this reason, courts have concluded that an inmate's concerns about risks associated with the spread of COVID-19 are not consistent with the policy statement of the Commission as required by § 3582(c)(1)(A). *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"); *United States v. Eberhart*, No. 13-CR-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Griffiths filed his motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that his diabetes and hypertension place him at a greater risk to contract COVID-19.  But this alone does not provide a basis for compassionate release.  According to his BOP Inmate Profile, Griffiths is classified at Care Level 2.  Care Level 2 inmates are stable outpatients who require clinician evaluations monthly to every six months.  Their medical needs

---

[3] PS 5050.50 also requires consideration of a list of nonexclusive factors: "the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting PS 5050.50 ¶ 7).

can be managed through routine, regularly scheduled appointments with clinicians. *See* BOP, *Care Level Classification for Medical and Mental Health Conditions or Disabilities*, https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (May 2019).   Absent COVID-19, Griffiths would present no basis for compassionate release because he lacks a qualifying medical ailment impeding his ability to provide self-care in the institution.

The Court finds that Griffiths presents no basis for compassionate release, outside the risks from COVID-19, because his care is being managed at his facility.  Griffiths fails to show that his diabetes substantially diminishes his ability to provide self-care in the prison.  It appears Griffiths's health condition is stable, as he receives regular medication and has not experienced any significant shifts in health status over the past year.  Griffiths is not subject to a terminal illness and there is also no evidence he is unable to function in prison.  Griffiths has not indicated that he has any restrictions.  His age of 53 also does not place him at an increased risk.  While Griffiths cites cases involving compassionate release for inmates with similar medical conditions, these cases are outliers and the Fifth Circuit holds COVID-19 does not justify compassionate release without a more life-threatening comorbidity.

Griffiths fails to provide any evidence that he meets the guidelines for compassionate release under the Commission's policy statement. *See United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) (citation omitted) (stating that the defendant generally "has the burden to show circumstances meeting the test for compassionate release").  Because Griffiths's compassionate-release motion seeks a sentence reduction based on alleged "extraordinary and compelling reasons" that are not "consistent with applicable policy

statements issued by the Sentencing Commission," he fails to meet the requirements of § 3582(c)(1)(A)(i).[4]

**3. The First Step Act did not alter the substantive criteria for compassionate release under § 3582(c)(1)(A).**

Following the enactment of the First Step Act, the Sentencing Commission's policy statements have not been updated. The result has been courts across the country have been divided on the question of whether Section 1B1.12 and its application notes still apply to the "extraordinary and compelling reasons" determination under 18 U.S.C. § 3582(c)(1)(A). In Griffiths's view, following the First Step Act, the Court now has authority under section 1B1.13, application note 1(D), to determine for itself what constitutes "extraordinary and compelling reasons" to modify his sentence (Dkt. #268 at 10-11). This is not the case.

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to move the district court directly for compassionate release, overriding those parts of section 1B1.13 of the Sentencing Guidelines providing that only the Director of the BOP may file such motions. *See supra* n.2. The First Step Act amendments to § 3582(c)(1)(A), however, did not change the substantive criteria that district courts must apply in making those decisions. The amendments also did not shift the authority to develop such criteria from the Sentencing Commission to the courts.[5] Section 1B1.13's application note 1(D) requires the Director of the BOP to determine whether an inmate

---

[4] Given Defendant's failure to meet § 3582(c)(1)(A)'s requirements, the Court need not address whether the applicable 18 U.S.C. § 3553(a) factors support a sentence reduction.

[5] To the contrary, the First Step Act left unchanged two critical statutory commands vesting the Commission, not courts, with authority to set the applicable standard for "extraordinary and compelling reasons" warranting a sentence reduction: (1) any sentence reduction under § 3582(c)(1)(A) must still be "consistent with applicable policy statements issued by the Sentencing Commission"; and (2) under 28 U.S.C. § 994(t), "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) of Title 18, *shall describe what should be considered extraordinary and compelling reasons for sentence reduction*, including the criteria to be applied and a list of specific examples," *id.* (emphasis added).

has adequately demonstrated extraordinary and compelling reasons for sentence modification other than, or in combination with, the reasons described in subsections (A) through (C) of application note 1, i.e., a medical condition, age, and/or family circumstances. Griffiths's argument fails to recognize the difference between the First Step Act's amendments related to the procedural requirements for seeking compassionate release in district court and the unamended substantive requirements that permit courts to grant compassionate release.

Among circuit courts, the Tenth Circuit first considered the issue when it addressed whether "post-sentencing developments in case law" might constitute an extraordinary and compelling reason under § 3582(c)(1)(A). *See United States v. Saldana*, 807 F.App'x 816, 818-20 (10th Cir. 2020). Rejecting this argument, the Tenth Circuit held "neither § 1B1.12 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction." *Id.* at 820. Consistent with *Saldana*, the Tenth Circuit has continued to look to section 1B1.13 as binding guidance to determine what constitute extraordinary and compelling reasons under § 3582(c)(1)(A). *See United States v. Pinson*, 835 F.App'x 390, 394 (10th Cir. 2020) (acknowledging that the application notes to section 1B1.13 still contain the applicable policy statement governing compassionate-release motions); *United States v. Sears*, 836 F.App'x 697, n.3 (10th Cir. 2020) (same).

Other courts, including this Court, have reached the same conclusion as the *Saldana* court; i.e., while the First Step Act expanded prisoners' access to the courts to file compassionate-release motions under § 3582(c)(1)(A), it did not alter the substantive standards governing these motions. *See, e.g., United States v. Dodd*, 471 F.Supp.3d 750, 757–58 (E.D. Tex. 2020) ("The fact that Congress's change to § 3582's procedural mechanism necessarily overrides a Sentencing

Commission policy statement concerning the same procedural mechanism cannot be translated into congressional intent to alter the statute's provisions governing the merits of compassionate-release motions."); *United States v. Lynn*, No. 89-72, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019) (explaining that "there is no ... inherent incompatibility between a statute allowing defendants to move for compassionate release and a policy statement allowing BOP a role in determining whether compassionate release is warranted, and thus no basis for deeming the policy statement [in section 1B1.13] overridden"); *United States v. Ebbers*, 432 F.Supp.3d 421, 427 (S.D.N.Y. 2020) ("Congress in fact only expanded access to the courts; it did not change the standard.").

Although the Fifth Circuit has not addressed this issue in a published opinion, it has recently issued at least one decision that, consistent with *Saldana*, treated section 1B1.13 as the Sentencing Commission's "applicable" policy statement for a § 3582(c)(1)(A) motion. *See generally United States v. Bell*, 823 F.App'x 283 (5th Cir. 2020) (per curiam).  In *Bell*, the defendant sought to appeal the denial of his compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A) on the grounds that his sentence was "unduly long and [that] his guilty plea was not knowing and voluntary." *Id.* at 284.  The Fifth Circuit dismissed the appeal as frivolous because the defendant's stated grounds for release were not any of the grounds contained in the commentary to section 1B1.13, and, therefore, the stated grounds were inconsistent with the policy statements of the Sentencing Commission as required by the statute. *Id.*  While the court did not address the issue of whether the First Step Act changed the binding nature of the sentencing guidelines, section 1B1.13 must be binding because the defendant's attempt to depart from the guidelines would not have been deemed frivolous otherwise. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (discussing the First Step Act's procedural changes to § 3582(c)(1)(A) and

affirming the district court's denial of compassionate release, which applied section 1B1.13's policy statement describing when extraordinary and compelling reasons exist for the purpose of sentence modification).

The Court notes, however, that several circuits, beginning with the Second Circuit, have reached a different conclusion.  In *United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020), the Second Circuit held, because the First Step Act allows both inmates and the BOP to file compassionate-release motions under Ssction 3582(c)(1)(A), section 1B1.13 now applies only when such motions are made by the BOP and is inapplicable when a compassionate-release motion is made by a defendant. *Id.* at 235–36.  The Fourth, Sixth, and Seventh Circuits have agreed, largely or entirely, with the Second Circuit's conclusion. *See United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020) (holding that "[a] sentence reduction brought about by motion of a defendant, rather than the BOP, is not a reduction 'under this policy statement,'" i.e., under section 1B1.13, and therefore section 1B1.13 is not "applicable" to such motions); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with Brooker and holding that there is no "applicable" policy statement for § 3582(c)(1)(A) motions after the First Step Act); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (agreeing with Brooker and holding, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion").

This Court remains persuaded that section 1B1.13's substantive provisions apply to § 3582(c)(1)(A) motions.  The Court's conclusion is driven by the fact that, through the First Step Act, Congress amended procedural provisions of § 3582(c)(1)(A), but left unamended the substantive criteria applicable to § 3582(c)(1)(A) motions. *See United States v. Conyers*, No. 4:12-

CR-016-SDJ, 2020 WL 7480695, at \*4–7 (E.D. Tex. Dec. 18, 2020).  The First Step Act left unchanged two critical statutory commands vesting the Commission, not the courts, with authority to set the applicable standard for "extraordinary and compelling reasons" warranting a sentence reduction.  First, any sentence reduction under § 3582(c)(1)(A) must still be "consistent with applicable policy statements issued by the Sentencing Commission."  Second, "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) of Title 18, *shall describe what should be considered extraordinary and compelling reasons for sentence reduction*, including the criteria to be applied and a list of specific examples." 28 U.S.C. 994(t) (emphasis added).

Under the circumstances, the Court cannot conclude the First Step Act's procedural modification to § 3582(c)(1)(A), allowing inmates as well as the BOP to file compassionate-release motions, renders "inapplicable" the Commission's policy statement on the substantive requirements governing such motions. *See Conyers*, 2020 WL 7480695, at \*4–7. Section 1B1.13's provisions concerning "extraordinary and compelling reasons" for a sentence reduction are, on their face, procedurally neutral.  The Court can discern no principled reason to treat a purely procedural expansion of § 3582(c)(1)(A) as nullifying section 1B1.13's substantive guidance on compassionate release.  There is also no reason to believe that Congress intended to effectuate, through the First Step Act, the implementation of multiple, varying standards for courts' consideration of compassionate-release motions under § 3582(c)(1)(A): one text-bound standard for BOP-filed motions and a myriad of differing standards for defendant-filed motions to be developed and applied on a case-by-case basis by district courts across the country. *See Conyers*, 2020 WL 7480695, at \*4–7.

Congress decided to leave both § 3582's requirement that any reduction be consistent with the applicable policy statement and section 994's authorization and directive of the Sentencing Commission to promulgate the policy statement undisturbed.  Because the language of the statutes at issue is unambiguous and provides no basis to nullify entirely or in part the application of section 1B1.13's substantive criteria to § 3582(c)(1)(A) motions, the Court concludes that section 1B1.13 provides the Sentencing Commission's "applicable" policy statement concerning the standard to be applied in evaluating whether "extraordinary and compelling reasons" support a sentence reduction. *See id.*  Likewise, the Court remains bound by Fifth Circuit precedent confirming that the Sentencing Commission's policy statements are binding in § 3582(c) proceedings. *See Garcia*, 655 F.3d at 435 ("If a sentence reduction is inconsistent with a policy statement, it would violate § 3582(c)'s directive, so policy statements must be binding.").

For these reasons, the Court will adhere to the controlling text of § 3582, together with Supreme Court and Fifth Circuit precedent, confirming that any proposed sentence reduction under § 3582(c)(1)(A) must be consistent with applicable policy statements issued by the Sentencing Commission.

**C. Griffiths's Motion for Sentence Reduction Must Be Dismissed for Lack of Jurisdiction.**

Because Griffiths's motion for compassionate release fails to meet the requirements of § 3582(c)(1)(A), it must be dismissed for lack of jurisdiction.  It is well-settled in the Fifth Circuit that 18 U.S.C. § 3582 sets out the limited instances in which a district court has jurisdiction to modify a term of imprisonment. *See, e.g.*, *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."); *United States v. Marion*, 79 F.

App'x 46, 2003 WL 22423180 at *1 (5th Cir. 2003) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)) (stating that "[s]ection 3582(c) limits sentence modification only to certain narrow circumstances, none of which are applicable in Marion's case," and dismissing the motion because it was "unauthorized and without a jurisdictional basis").  In a line of cases over two decades, circuit case law has repeatedly affirmed that § 3582 provides a limited grant of jurisdiction for a district court to modify a term of imprisonment. *See, e.g.*, *United States v. Rene*, 785 F. App'x 240, 240–41 (5th Cir. 2019) (per curiam); *Bridges*, 116 F.3d at 1112.  Because these cases speak in terms of § 3582 as a whole, it follows that § 3582(c)(1)(A), and the limitations within, circumscribe the Court's jurisdiction.[6]

Under the "rule of finality[,]" "[f]ederal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same).  This limitation on federal courts' power is confirmed in the text of § 3582. *See* 18 U.S.C. § 3582(c) (stating that, subject to certain exceptions, a court "may not modify a term of imprisonment once it has been imposed").

---

[6] The Court recognizes that a recent line of Supreme Court jurisprudence has clarified the distinction between "true jurisdictional conditions and nonjurisdictional limitations on causes of action." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010). However, as the Court recently explained in *United States v. Rios*, No. 4:06-CR-14-5, 2020 WL 3410639, at *2–*4 (E.D. Tex. June 11, 2020), it does not appear that this line of Supreme Court authority undermines the Fifth Circuit's understanding of § 3582's exceptions to the finality rule as jurisdictional conditions rather than claims-processing rules.

Further, at least six circuits have treated § 3582's exceptions to the finality rule as jurisdictional. *See United States v. Denson*, 798 F. App'x 605, 605–06 (11th Cir. 2020) (per curiam) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–97 (11th Cir. 2010)); *United States v. Carrillo*, 720 F. App'x 815, 815 (8th Cir. 2018) (per curiam) (citing *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993)); *United States v. Jordan*, 853 F.3d 1334, 1338 (10th Cir. 2017); *United States v. Spears*, 824 F.3d 908, 909 (9th Cir. 2016); *United States v. Freeman*, 659 F. App'x 94, 98 (3d Cir. 2016) (citing *United States v. Doe*, 564 F.3d 305, 309 (3d Cir. 2009)); *Garcia*, 606 F.3d at 212 n.5. On the other hand, the Court is aware of only two circuits that have reached the opposite conclusion. *See United States v. Alam*, 960 F.3d 831, 832–33 (6th Cir. 2020); *Taylor*, 778 F.3d at 669–71.

This rule of finality "is subject to a few narrow exceptions." *Freeman*, 564 U.S. at 526. Section 3582 provides such exceptions, including an exception allowing the Director of the BOP, or a defendant who has fully exhausted all administrative rights, to move for a modification of the defendant's imprisonment term based on the existence of "extraordinary and compelling reasons" warranting a reduction of the defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[7] A defendant must conform both to the procedural and substantive requirements of § 3582 for a court to have jurisdiction. If the text of an applicable exception is met, § 3582 provides that the case falls within the district court's adjudicatory authority to modify the defendant's term of imprisonment. If the text of an applicable exception is not met, there is no jurisdictional basis for the court to modify the term of imprisonment given the longstanding, strict application of the finality rule.[8]

Thus, the exceptions set forth in the text of § 3582 serve to create jurisdiction to modify a defendant's term of imprisonment where no jurisdiction would otherwise exist under the finality rule.[9]

---

[7] Beyond § 3582, there are additional, limited exceptions to the finality rule. For example, Federal Rule of Criminal Procedure 35(a) authorizes a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error," and Rule 35(b) authorizes a district court to "reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."

[8] *See United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) (Easterbrook, J.), *overruled by Taylor*, 778 F.3d at 671 (7th Cir. 2015) (explaining that, "[b]ecause § 3582(c) limits the substantive authority of the district court, it is a real 'jurisdictional' rule, rather than a case-processing requirement").

[9] The Supreme Court's decision in *Gonzalez v. Thaler*, 565 U.S. 134, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012), is analogous and instructive. In the context of a habeas petitioner's request for postconviction relief, the Court construed 28 U.S.C. § 2253, which "governs appeals in habeas corpus proceedings." *Id.* at 140. The Court held that § 2253(c)(1) included the following "jurisdictional" language: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals[.]" *Id.* at 142 (internal quotation marks omitted). Although the word "jurisdiction" does not appear in the statute, the Court nonetheless affirmed that § 2253(c)(1)'s certificate-of-appealability requirement is jurisdictional. *Id.* Similarly here, § 3582's language that a court "may not modify a term of imprisonment

\*      \*      \*

To determine this case, it is enough for the Court that the Fifth Circuit's binding precedent continues to treat § 3582 as a demarcation of jurisdiction.  Because Griffiths has failed to meet the controlling requirements for compassionate release set forth in  § 3582(c)(1)(A), his motion for compassionate release must be dismissed for lack of jurisdiction.[10]

### III. CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Expedited Relief and Reduction in Sentence (Dkt. #85) is **DISMISSED for lack of jurisdiction**.

**SIGNED this 7th day of April, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

once it has been imposed," except as provided under subsections 3582(c)(1)-(2), speaks in jurisdictional terms.

[10] In the alternative, the Court is also unable to order Griffiths to home confinement.  The BOP has exclusive authority to determine where a prisoner is housed; thus, the Court is without authority to order home confinement. 18 U.S.C. § 3621(b); *see also United States v. Miller*, No. 2:17-CR-015-D (02), 2020 WL 2514887, at \*1 (N.D. Tex. May 15, 2020) ("[N]either the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement.").